Argued and submitted July 17, 2020, affirmed September 1, 2021, petition for review denied February 3, 2022 (369 Or 211)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EFRAIN VASQUEZ-GONZALEZ,
*Defendant-Appellant.*

Washington County Circuit Court
18CR08518; A169589

496 P3d 662

Ricardo J. Menchaca, Judge.

Joshua Crowther, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Erin K. Galli, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment convicting him of unlawful possession of methamphetamine, ORS 475.894(2)(a). Defendant argues that the trial court erred in denying his motion to suppress incriminating statements he made to the police, arguing that he did not knowingly and intelligently waive his *Miranda* rights.

Because a more detailed discussion of the facts of this case and explanation of our application of the law would not benefit the bench, the bar, or the public, we affirm based on the limited discussion below.

It is the state's burden to demonstrate that a defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights in order for resulting statements to be admissible. *State v. Ward*, 367 Or 188, 191, 475 P3d 420 (2020). "The 'knowing and intelligent' prong of the waiver analysis tests whether, under the totality of the circumstances, the defendant knew that he may choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time." *State v. Bush*, 291 Or App 407, 417, 421 P3d 403 (2018) (internal quotation marks omitted). The inquiry focuses primarily on a defendant's state of mind. *State v. Norgren*, 287 Or App 165, 169, 401 P3d 1275 (2017), *rev dismissed*, 363 Or 40 (2018).

Defendant primarily argues that his state of mind at the time of waiver was equivalent to that of the defendant in *Norgren*. In *Norgren*, we concluded that under the totality of the circumstances in that case—where the defendant had been found in a heavily wooded area, bleeding, unconscious, and lying naked in the fetal position; told responding officers that he "was a sasquatch and he was from a family of sasquatches"; his family testified that he was on a medical leave of absence from school to address his mental health; and a Mental Health Response Team determined that he "was having a break from reality"—the defendant's waiver could not have been knowing and intelligent. *Id.* at 167-71. We also clarified, however, that we did "not mean to imply that any variant statement made by a person at the time of a waiver nullifies a waiver." *Id.* at 171.

Here, in concluding that defendant knowingly and intelligently waived his *Miranda* rights, the trial court found that he was not "so confused or benumbed by the use of substances or in a mental health capacity that he did not realize what was going on."

Based on the evidence in the record, there is sufficient evidence from which the trial court could have reached that conclusion. Unlike in *Norgren*, the totality of the circumstances here does not compel the conclusion that defendant was suffering a break from reality or intoxication to the extent that he could not understand the rights conveyed to him. There was sufficient evidence from which the trial court could have reached the conclusion that defendant was capable of understanding and, subsequently, knowingly and intelligently waiving, his *Miranda* rights. Given the trial court's findings and the record that supports them, the trial court did not err by denying defendant's motion to suppress.

Affirmed.